IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| INEZ PALMER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.: 2:16-cv-815-MHT-GMB |
| | ) | |
| SOUTH K. WHITE, | ) | |
| | ) | |
| Defendant. | ) | |

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On October 12, 2016, Plaintiff Inez Palmer, proceeding without counsel, filed a complaint in which she alleges only that "we need justice" and that her civil rights were violated "from 2005-2010-to now 2016." Doc. 1.  Palmer does not request any form of relief in her complaint. Doc. 1.  On the same day Palmer filed her complaint, she also moved for leave to proceed *in forma pauperis*. Doc. 2.  The court denied this motion because Palmer's application was incomplete. Doc. 4.  The court ordered Palmer to either pay the civil filing fee or file a properly supported *in forma pauperis* application no later than November 7, 2016. Doc. 4.  The court also ordered Palmer to file an amended complaint that complies with Rule 8 of the Federal Rules of Civil Procedure by that same date. Doc. 4.  The court warned Palmer that her failure to comply with the court's October 26, 2016 order would result in the court recommending dismissal of her lawsuit. Doc. 4.  Despite this warning, November 7, 2016 came and went with no filings from Palmer.

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, a district court may *sua sponte* dismiss a plaintiff's action for failure to comply with the rules of civil procedure

or with any order of the court. Fed. R. Civ. P. 41(b); *see Owens v. Pinellas Cnty. Sheriffs Dep't*, 331 F. App'x 654, 656 (11th Cir. 2009).

Because Palmer has not paid the requisite filing fee, filed a properly supported *in forma pauperis* application, or filed an amended complaint that complies with Rule 8, as directed by the court's October 26, 2016 order, it is the RECOMMENDATION of the undersigned that this action be DISMISSED WITHOUT PREJUDICE for failure to comply with the orders of the court. *See, e.g.*, *Taylor v. Nelson*, 356 F. App'x 318 (11th Cir. 2009) (affirming dismissal of complaint for failure to comply with court order); *Crumbsy v. Friese Enters.*, 2015 WL 430042, at *4 (N.D. Ga. Feb. 2, 2015) (dismissing action, in part, because of *pro se* plaintiff's failure to comply with court order); *Gresham v. AT&T Corp.*, 2014 WL 12513899 at *1 (N.D. Ga. Dec. 17, 2014) ("Although civil litigants who represent themselves ('*pro se*') benefit from various procedural protections not otherwise afforded to the attorney-represented litigant . . . *pro se* litigants are not entitled to a general dispensation from the rules of procedure or court-imposed deadlines.") (internal quotation marks omitted).

It is further ORDERED that the parties are DIRECTED to file any objections to the report and recommendation no later than **December 16, 2016**.  Any objections filed must specifically identify the findings in the Magistrate Judge's report and recommendation to which the party is objecting.  Frivolous, conclusive, or general objections will not be considered by the district court.  The parties are advised that this report and recommendation is not a final order of the court, and, therefore, it is not appealable.

2

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report and recommendation shall bar the party from a *de novo* determination by the district court of issues covered in the report and recommendation and shall bar the party from attacking on appeal factual findings in the report and recommendation accepted or adopted by the district court, except upon grounds of plain error or manifest injustice. *See Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE this 2nd day of December, 2016.

_____
/s/ Gray M. Borden
UNITED STATES MAGISTRATE JUDGE